UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETTA MOORE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1676-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. BACKGROUND

Plaintiff filed an application for SSI, alleging that she had been disabled since January 2, 1990. Administrative Record ("AR") at 194-202. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 112-116, 120-124. On October 30, 2014, a hearing was held before

/////

/////

1

Administrative Law Judge ("ALJ") Peter F. Belli.[1]  *Id*. at 54-78.  Plaintiff was represented by counsel at the hearing, at which she and a vocational expert testified.  *Id*.

On January 30, 2015, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[2]  *Id*. at 18-33.  The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since September 19, 2012, the application date (20 CFR 416.971 *et seq.*).

/////

---

[1] Hearings were also held on DATES.  The first hearing was continued to allow plaintiff an opportunity to obtain

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

2. The claimant has the following severe impairments: seizures, migraines, adjustment disorder with mixed anxiety and depressed mood, borderline intellectual functioning, post-traumatic stress disorder, obesity (20 CFR 416.920(c)).

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is literate in English. The claimant can never climb ladders, ropes, or scaffolds. The claimant should avoid unprotected heights and unprotected hazardous machinery. The claimant should avoid all extreme temperatures, open flames, and extremely heated objects. The claimant has borderline intellectual functioning. The claimant could write simple English. The claimant makes simple workplace judgments. The claimant could adjust to simple changes in the workplace. The claimant is limited to frequent interaction with coworkers and supervisors. The claimant would have occasional public interaction with the public. The claimant is limited in receiving, remembering, and carrying out simple one to two step job instructions.

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1984 and was 28 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)

7. The claimant has a marginal education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 516.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined by the Social Security Act, since September 19, 2012, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 20-33.

Plaintiff's request for Appeals Council review was denied on June 6, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff argues that the ALJ erred by (1) finding that she did not satisfy Listing 12.05(C) and (2) rejecting her treating physicians' opinions without providing sufficient reasons. ECF No. 15-1 at 7-13.

A. Listing 12.05C

At step three of the sequential evaluation, the ALJ determines whether a claimant's impairment or combination of impairments meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Where a claimant's impairment or impairments meets or equals a listed impairment in Appendix 1, the claimant is per se disabled. 20 C.F.R.

§ 416.920(d). "Once a per se disability is established, the ALJ has no discretion; he must award benefits." *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990).

Listing 12.05–intellectual disability-"refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1. The listing can be met by demonstrating "[a]…full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. Thus, plaintiff meets the listing if (1) she has a valid IQ score between 60 and 70, (2) the evidence demonstrates or supports onset of the impairment before age 22, and (3) she has a physical or other mental impairment imposing an additional and significant work-related limitation of function. *Id*.

Plaintiff underwent a psychological evaluation, which was performed by Dr. Jayson Wilkenfield, Ph.D. AR 381-394. As part of the evaluation, Dr. Wilkenfield administered the Ammons and Ammons Quick Test and subtests from the verbal portion of the Weschsler Adult Intelligence Scale—III. *Id*. at 387. Plaintiff scored in the mild mental retardation range, with an IQ Equivalent estimate of 68. *Id*.

The ALJ considered the findings of Dr. Wilkenfield, but ultimately concluded that the IQ score was not valid. In reaching this determination, the ALJ found that:

> Dr. Wilkenfields' [sic] IQ findings appear to be based on the claimant's subjective complaints, as opposed to the minimal objective evidence. Such evidence suggest that the claimant's IQ scores are invalid, as Dr. Wilkenfieds' [sic] findings are inconsistent with the bulk of the objective evidence and the claimants' [sic] stated daily activities. Dr. Wilkenfields' [sic] findings are over and above the claimant's description of her abilities, as she reported she care [sic] for herself, her children, and maintains all daily activities. The ability to maintain daily activities independently, live independently, socialize, take public transportation, and be the primary caretaker for three children suggests that the claimant possesses a higher level of cognitive functioning than assessed by Dr. Wilkenfield.

AR 22. The ALJ also noted that non-examining physician "Dr. Weiss reviewed Dr. Wilkenfields' [sic] findings and reported his assessment does not appear to be based solely on the objective findings." *Id*.

5

An ALJ is permitted to find that an IQ score is invalid. *See Thresher v. Astrue*, 283 Fed. Appx. 473, 475 (9th Cir. 2008). The Ninth Circuit has yet to address what factors should be considered in assessing the validity of an IQ score. However, "[c]ourts outside the Ninth Circuit permit an ALJ to consider several factors in assessing the validity of test results, such as evidence of malingering or feigning results, daily activities inconsistent with the alleged impairment, and psychologists' opinions that are supported by objective medical findings." *Martinez v. Colvin*, 2015 WL 4662620, at *5 (E.D. Cal. Aug. 5, 2015); *see, e.g., Clay v. Barnhart*, 417 F.3d 922, 929 (8th Cir. 2005) ("Commissioner may disregard test scores that are inconsistent with an applicant's demonstrated activities and abilities as reflected in the record as a whole."); *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) ("I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence of record on the claimant's daily activities and behavior."); *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003) ("[A]n ALJ may reject scores that are inconsistent with the record.").

Here, the various reasons provided by the ALJ fail to support his finding that plaintiff's IQ score of 68 is invalid. First, the record does not support the ALJ's finding that plaintiff's IQ score was based on her subjective complaints rather than objective evidence. The record shows that Dr. Wilkenfield administered standardized tests during the evaluation to assess plaintiff's intellectual functioning, and that plaintiff's IQ score was derived from those tests. AR 383, 387-388. Moreover, there is no basis for the finding that Dr. Weiss, a non-examining physician, concluded that Dr. Wilkenfield's findings were not based solely on objective findings. Indeed, the record shows that Dr. Weiss did not review Dr. Wilkenfield's report. *Id*. at 101-107.

The ALJ's conclusory statement that Dr. Wilkenfield's "findings are inconsistent with the bulk of the objective evidence" is also insufficient, as the ALJ fails to identify any specific medical evidence that undermined the assessed IQ score. *Cf Popa v. Berryhill*, __ F.3d __, 2017 WL 4160041, at *4 (9th Cir. Aug. 18, 2017) (unsupported conclusions "do not constitute the type of substantial evidence necessary to" reject a physician's opinion).

Moreover, the daily activities identified by the ALJ fail to justify the ALJ's rejection of plaintiff's IQ score. Plaintiff's ability to live independently, socialize, and take public

transportation is not inconsistent with an IQ score of 68. *See Brown v. Sec'y of Health & Human Servs.*, 948 F.2d 268, 270 (6th Cir. 1991) (finding that plaintiff's work as a truck driver, which required him to "record mileage, the hours he worked, and the places he drove," was not inconsistent with an IQ score of 68, and that "there is not substantial evidence in the record to support the Secretary's rejection of claimant's IQ scores."); *Markle*, 324 F.3d at 187 (ability to pay bills, add and subtract, use ATM machine, take care of personal needs, obtaining GED, and prior work painting and wallpapering houses and mowing lawns were "not inconsistent with qualifying mental retardation.").

The remaining daily activity, an ability to care for three children, arguably suggests a higher level of intellectual functioning than reflected by plaintiff's IQ score. *See Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998) (ability to care for young child, read, write, count money, drive, cook, clean, and shop, as well as an absence of medical records mentioning any suspected intellectual impairment, justified rejection of IQ scores of 66 and 67). The record, however, casts serious doubts as to plaintiff's ability to adequately care for her children. Plaintiff's three children were removed from her care by child protective services ("CPS") on two separate occasions. In 2012, the children were removed due to plaintiff's failure to protect the children from physical abuse from plaintiff's boyfriend. AR 382. More significantly, in 2006 plaintiff's children were removed after one of her children drowned in a swimming pool. *Id*. CPS determined that plaintiff failed to "supervise and protect the child," and subsequently removed her remaining children from her care. *Id*. The record also shows that plaintiff's three children "have significant conduct issues, and [plaintiff] has been repeatedly observed to have a difficult time redirecting them or controlling their behavior." *Id*. Thus, the level of child care provided by plaintiff hardly suggests inconsistency with her IQ score.

For these reasons, the ALJ's finding that plaintiff's IQ score is invalid is not supported by substantial evidence.

The ALJ also concluded that plaintiff did not satisfy Listing 12.05(C) because she failed to establish diminished intellectual functioning prior to age 22. AR 22-23. The ALJ observed that "no source has provided a diagnosis of severe mental retardation, nor has any source

provided an assessment of mental retardation with deficits in adaptive functioning initially manifested prior to age 22." *Id*. at 22. The ALJ also stated that plaintiff lacked a formal education, which he said supported the finding that plaintiff's "IQ score is best explained by other diagnoses in the record." *Id*. at 22-23.

The lack of a mental retardation diagnosis is immaterial to the inquiry of whether plaintiff meets Listing 12.05. *Mays v. Colvin*, 2014 WL 3401385, at *11 (E.D. Cal. July 11, 2014) ("plaintiff is not required to have a diagnosis of mental retardation to satisfy Listing 12.05(C)"); *Brooks v. Astrue*, 2012 WL 4739533, at *5 (D. Or. Oct. 3, 2012) ("by the plain language of the regulations, [plaintiff] may meet the listing without a formal diagnosis of mental retardation"); *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) (finding that formal diagnosis of mental retardation is not required); *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1057-58 (same); *Applestein-Chakiris v. Astrue*, 2009 WL 2406358, *8 (S.D. Cal. Aug. 5, 2009) (same); *see also Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008) (Listing 12.05(C) "speaks only to the IQ score itself.").

Moreover, plaintiff was not required to provide an IQ score or other medical evidence establishing diminished intellectual functioning prior to age 22. As several circuits have held, an adult IQ score creates a rebuttable presumption that the impairment existed before the age of 22. *See Hodges v. Barnhart*, 276 F.3d 1265, 1268–69 (11th Cir. 2001) (IQ tests after age 22 satisfy the listing criteria and "create a rebuttable presumption of a fairly constant IQ throughout life") (citing *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001), *Luckey v. U.S. Dept. Of Health and Human Services*, 890 F.2d 666, 668 (4th Cir. 1989)). The Ninth Circuit has yet to address the question and there is some disagreement among district courts within the Ninth Circuit. *Compare, e.g., Forsythe v. Astrue*, 2012 WL 217751, at * 6–7 (E.D. Cal. Jan. 24, 2012) (collecting cases and adopting presumption); *Jackson v. Astrue*, 2008 WL 5210668, at * 6 (C.D. Cal. Dec.11, 2008) ("several circuits have held that valid IQ tests create a rebuttable presumption of a fairly constant IQ throughout a claimant's life . . . . The Court finds the reasoning of the Seventh, Eighth, and Eleventh Circuits to be persuasive"); *Schuler v. Astrue*, 2010 WL 1443882, at *6 (C.D. Cal. Apr. 7, 2010) ("a valid qualifying IQ score obtained by the claimant after age 22

creates a rebuttable presumption that the claimant's mental retardation began prior to the age of 22, as it is presumed that IQ scores remain relatively constant during a person's lifetime"); *with Clark v. Astrue*, 2012 WL 423635 (E.D. Cal. Feb.8, 2012) (declining to adopt rebuttable presumption); *Rhein v. Astrue*, 2010 WL 4877796, at *8 (E.D. Cal. Nov.23, 2010) (finding rebuttable presumption would remove plaintiff's burden at step three). This court concurs with the reasoning in *Forsythe* and has consistently adhered to the line of cases applying the rebuttable presumption. *See, e.g., Matthews v. Colvin*, 170 F. Supp. 3d 1277, 1281 (E.D. Cal. 2016); *Levi v. Colvin*, No. 2:12-cv-2713-EFB, 2014 WL 1289791, at *4-5 (E.D. Cal. Mar. 31, 2014); *Wooten v. Colvin*, No. 2:12-cv-426-EFB, 2013 WL 5372855, at *3-4 (E.D. Cal. Sep. 25, 2013); *Woods v. Astrue*, No. CIV. S-10-2031-GEB-EFB, 2012 WL 761720, at *4 (E.D. Cal. Mar. 7, 2012).

Here, the ALJ fails to cite to any evidence that would rebut the presumption. Although he references plaintiff's lack of a formal education, that fact in no way suggests that plaintiff's diminished intellectual functioning occurred after attaining age 22.[3]

Accordingly, the ALJ's finding that plaintiff did not satisfy Listing 12.05(C) is not supported by substantial evidence.

B. <u>Remand for Further Proceedings</u>

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be

---

[3] The ALJ did not address whether plaintiff satisfied the remaining requirement of Listing 12.05(C) by having a physical or other mental impairment imposing an additional and significant work-related limitation. The court notes, however, that the ALJ found at step-two of the sequential evaluation process that plaintiff's severe impairments included post dramatic stress disorder and obesity. That finding is sufficient to establish a physical or other mental impairment imposing additional and significant limitations for purposes of Listing 12.05(C). *See Rowens v. Astrue*, 2010 WL 3036478, at *3 (E.D. Cal. Aug.2, 2010); *Campbell v. Comm'r. Soc. Sec.*, 2011 WL 444783, at *18 (E.D. Cal. Feb.8, 2011).

resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407.

The court cannot find that further administrative proceedings would serve no useful purpose. For instance, further intellectual testing could either cast doubt as to the validity of plaintiff's IQ score of 68, or verify that she is disabled under Listing 12.05(C). *See Brown*, 948 F.2d at 270 (noting that the Commissioner "could have administered a second I.Q. test were he certain of the invalidity of [the claimant's] scores."). Accordingly, remand for further proceedings is appropriate.[4]

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 25, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] As the matter must be remanded for further proceedings on this basis, the court declines to address plaintiff's additional argument.